# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-606V
**Filed: October 16, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| LESLIE HAO, parent of K.H., a minor, | UNPUBLISHED |
| Petitioner, | Special Master Gowen |
| v. | Attorneys' Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 14, 2014, Leslie Hao ("petitioner") filed a petition on behalf of her minor child, K.H., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza vaccine on October 4, 2011, K.H. suffered from limbic encephalitis. See Petition at Preamble, docket no. 1, filed July 14, 2014. On December 1, 2014, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation to petitioner, even though respondent denies that the influenza vaccine caused the minor child's alleged injury or any other condition. See Stipulation for Award,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

docket no. 14, filed Dec. 1, 2014. A decision adopting the parties' stipulation was issued by the undersigned that same day, awarding petitioner a lump sum of $150,000.00 as guardian of the estate of K.H., and a lump sum of $2,630.29 for reasonable and necessary expenses paid by petitioner on behalf of K.H. See Decision, docket no. 15, filed Dec. 1, 2014. On December 2, 2014, judgment entered on the compensation decision.

On April 23, 2015, petitioner filed a motion for attorneys' fees and costs. In the motion, petitioner's counsel at the firm of Conway, Homer & Chin-Caplan ("CHC") requested hourly rates which were the subject of litigation by the parties in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). On September 1, 2015, the undersigned issued a decision in *McCulloch*, setting forth reasonable hourly rates for the attorneys at CHC. Thereafter, petitioner in this matter was ordered to file an amended motion for attorneys' fees and costs, consistent with the rates and reasoning established in *McCulloch*. Petitioner filed an amended motion on September 3, 2015. See Amended Motion, docket no. 31, filed Sept. 3, 2015.

Here, respondent has raised identical objections to CHC's hourly rates as she raised in *McCulloch*. See Response to Motion for Attorneys' Fees and Costs at 1-16, docket no. 23, filed May 11, 2015. Additionally, respondent objects to two attorneys at CHC spending seventeen hours preparing a detailed amended petition and an affidavit in this matter. Id. at 17. Respondent also objects to billing by two associates for attending a case meeting. Id. For the reasons stated in *McCulloch* and *Jones v. Sec'y of HHS*, No. 11-70, 2014 WL 7508006, at *7, Fed. Cl. Spec. Mstr. Dec. 4, 2014), I find the time spent preparing a detailed petition and affidavit in this matter, one in which there were approximately 1700 pages of medical records, is a reasonable amount of time. Furthermore, while some overstaffing may not be justifiable in some cases, having two attorneys working on a case such as this one is not unreasonable.

Petitioner here requests a total award of attorneys' fees and costs in the amount of $34,378.98. Amended Motion at 2. This amount includes attorneys' fees in the amount of $30,162.70, attorneys' costs in the amount of $1,409.28, and petitioner's out-of-pocket costs in the amount of $2,807.00. Id. at 1. In accordance with General Order #9, petitioner represents that she incurred reimbursable costs in pursuit of this claim in the amount of $2,807.00. See Notice, docket no. 22, filed Apr. 23, 2015.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in *McCulloch*, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of $31,571.98; and**

**(2) in the form of a check payable to petitioner only, Leslie Hao, pursuant to General Order No. 9, in the amount of $2,807.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.